



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 2 4 2021

CLERK, U.S. DISTRICT COURT
By_____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                          Criminal No. 4:21-MJ-187

IVAN VILLEGAS (01)

## CRIMINAL COMPLAINT

### Possession of a Controlled Substance with Intent to Distribute
### (Violation of 21 U.S.C. § 841)

On or about March 23, 2021, in the Fort Worth Division of the Northern District of Texas, defendant **Ivan VILLEGAS** did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

I, Perry Moore, being duly sworn, depose and state the following is true and correct to the best of my knowledge and belief:

1.      I am employed by the Fort Worth Police Department and further assigned to the Drug Enforcement Administration (DEA) as a Task Force Officer Agent and have been employed as a Fort Worth Police Officer for approximately twenty six years.   As part of my duties, I investigate offenses under Title 21 of the United States Code.   I have previously investigated violations of Title 21, United States Code, Section 841(a)(1); Title 21, United States Code, Section 846; Title 21, United States Code, Section 848; Title 21, United States Code, Section 843(b); and Title 18, United States Code, Section 1956.

**Criminal Complaint – Page 1**

2.    I am knowledgeable in the enforcement of state and federal laws with regard to controlled substance and firearms offenses.   Based on this experience, I have become well-versed in the methodology utilized in drug trafficking operations, the unique trafficking patterns employed by drug organizations, and their patterns of drug distribution.   I have also interviewed convicted drug dealers on numerous occasions. Based upon this experience, I have become knowledgeable of the methods and modes of drug operations and the language and patterns of drug abuse and trafficking.

3.   The information contained in this affidavit is based on my personal knowledge and experience, my personal participation in this investigation, and information obtained from other law enforcement officers and/or agents involved in this investigation.   Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation.   I have set forth only the facts that I believe are necessary to establish probable cause to believe that a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and had been committed by Ivan VILLEGAS.

### Facts and Circumstances

4.    During the month of March 2021, a DEA Forth Worth District Office (FWDO) Confidential Source, hereinafter referred to as (CS), provided information to officers/agents regarding the drug distribution activities of an individual known to the CS as "Dandy LNU" (later identified as Ivan VILLEGAS).

5.      On or about March 17, 2021, the DEA Confidential Source (CS), at the direction

of Agents, conducted a series of controlled phone calls/text messages with VILLEGAS to

discuss conducting a six-kilogram methamphetamine transaction. VILLEGAS informed

the CS he would sell the CS each kilogram of methamphetamine for approximately

$5,500 United States Currency (USC).   Later in the day, the CS informed VILLEGAS he

could conduct the drug transaction in the near future.

6.   On or about March 23, 2021, the DEA CS conducted a series of controlled phone

calls/text messages with VILLEGAS.   During conversations with the CS, VILLEGAS

informed the CS he was ready to conduct a multi-methamphetamine drug transaction in

Arlington, Texas. VILLEGAS instructed the CS to meet at the El Pollio Regio Restaurant

located at 105 S. Bowen Road in Arlington, Texas.   Later in the day, the CS placed a

phone call to VILLEGAS and instructed him to meet the CS at the Kroger Store located

at 301 S. Bowen Road in Arlington, Texas.

7.   Approximately 7:25 p.m., Agents/Officers observed a silver Ford Explorer SUV

being driven by VILLEGAS arrive in the parking lot located at the Kroger Store on 301

S. Bowen Road in Arlington, Texas.   VILLEGAS then parked near the CS and the

Undercover Officer's vehicle.   The CS and the Undercover Officer then approached the

driver's side window of the silver Ford Explorer occupied by VILLEGAS. The CS and

the Undercover Officer then engaged in a brief conversation with VILLEGAS. The

Undercover Officer then was directed by VILLEGAS to observe the methamphetamine

in the backseat floorboard area of the silver Ford Explorer. The CS then told VILLEGAS

that he/she did not like the quality of the methamphetamine.

The CS and Undercover Officer then departed from the parking lot of the Kroger Store. Agents/Officers then observed VILLEGAS depart from the parking lot of the Kroger Store located at 301 S. Bowen Road in Arlington. Texas.   At Approximately 7:33 p.m., Arlington Police Department marked units conducted a traffic stop of VILLEGAS in the 400 block of N. Bowen Road in Arlington, Texas.   At this time, Arlington Police Officers placed VILLEGAS under arrest.

8.      S/A Dominique Guifarro and TFO Rob Owen located a plastic white container that contained five clear plastic baggies each containing a crystal rocklike substance from the rear floorboard area of the silver Ford Explorer.

9.   Following the arrest of VILLEGAS, your affiant was given written consent to search VILLEGAS's residence located at 439 N. Bowen Road Apt #228 in Arlington, Texas. Agents/Officers then began a systematic search of VILLEGAS's apartment, which resulted in the seizure of three (3) small clear plastic baggies each containing a crystal rocklike substance, one blue plastic container containing approximately one gallon of brown liquid and two (2) handguns. The search was then terminated. Agents/Officers conducted a Tru Narc presumptive test that revealed the presence of methamphetamine in all the clear plastic baggies containing a crystal rocklike substance and the one gallon of brown liquid.   The gross weight (excluding the liquid) was 7,783 grams.

10.      Although your AFFIANT has not listed all the facts regarding the investigation into VILLEGAS, your AFFIANT believes the facts stated here establish probable cause that VILLEGAS did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A),

namely to possess with intent to distribute 500 grams or more of a mixture or substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance.

Task Force Officer Perry Moore
DEA


Sworn to and subscribed before me this __24th__ day of, March 2021 at
__2:00__ p.m. in Fort Worth, Texas.

JEFFREY L. CURETON
United States Magistrate Judge

Criminal Complaint – Page 5